UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              Plaintiff

v.                                                 Criminal Action No. 3:21-cr-00123-RGJ

ANTONIO WILLIAMSON                                                   Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant, Antonio Williamson's ("Williamson") Motion for Bill of Particulars [DE 20] (the "Motion"). The government objected [DE 22] and Williamson replied [DE 26]. This matter is ripe.[1] For the reasons below, the Court **DENIES** Williamson's Motion for Bill of Particulars [DE 20].

I.  **BACKGROUND**

On September 22, 2021, the United States filed an Indictment charging Williamson with one count of felon in possession of a firearm. [DE 9]. Williamson moves the Court to order the United States to file a Bill of Particulars specifying the following 11 items:

1) The way the warrant was obtained, 2) How and when [the] Commerce Clause was affected, 3) A clear reading of [the] nature and cause of alleged statute violat[ion], 4) Where did this alleged crime occur, 5) Who is the victim of the crime, 6) Proof of jurisdiction over territory of alleged offense, 7) Showing of proper venue in this judicial district, 8) Testimony of government witness[es] at [g]rand jury proceeding under the Jencks Act, 18 U.S.C. § 3500 and pursuant to [R]ule 26.2 of the Federal Rules of Criminal Procedure[], 9) How many grand jurors voted in favor of the indictment, 10) What type of legal advice was given to jurors prior to voting, 11) Was hearsay testimony presented before the grand jury, 12) Was indictment seen and approved by the full grand jury in its final form.

---

[1] In accordance with the Court's ruling on December 12, 2021, Williamson is not permitted to continue to represent himself *pro se*. [DE 34 at 3]. Therefore, docket entries filed by Williamson that have not been adopted by Counsel [DE 18, 19] will not be considered by the Court.

[DE 20 at 1]. Although this motion was filed *pro se,* Williamson's counsel subsequently adopted his motion without further statement or supplement. [DE 33].

The United States objects to the extent Williamson seeks evidentiary details to which he is not entitled, or information related to the grand jury proceedings. [DE 22 at 9]. The United States also argues that much of the information Williamson requested was included in the indictment. [*Id.*].

**II.    STANDARD**

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . [f]or each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). The Sixth Amendment to the United States Constitution provides a defendant with the right to be informed of the nature and cause of the accusations against him or her. *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000).

The United States Supreme Court has explained that an indictment satisfies the constitutional requirements "if it, first, contains the element of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). To sufficiently allege a count of felon in possession of a firearm, the indictment must specify "the date of the offense, the nature of the offense, and the prior offenses that will be placed into evidence." *United States v. Oliver*, 126 F.Supp.2d 495, 497 (S.D. Oh. 2000) (citing *United States v. Birmley,* 529 F.2d 103, 103 (6th Cir.1976)).

Under Federal Rule of Criminal Procedure 7(f), a defendant may move the Court to order the government to provide a bill of particulars:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). The power to grant a motion for bill of particulars lies within the sound discretion of the trial court. *United States v. Phibbs,* 999 F.2d 1053, 1086 (6th Cir.1993). The Court should grant a motion for bill of particulars if it is necessary to avoid surprise at the time of trial, when the indictment is so vague that the defendant cannot prepare his defense, or when the indictment is so indefinite that it would be insufficient to bar a second prosecution for the same crime. *United States v. Musick*, 291 Fed. Appx. 706, 724 (6th Cir. 2008); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993). That said, granting a motion for bill of particulars is not appropriate "merely to aid a defendant in discovery." *United States v. Watkins*, No. 1:06-CR-00048, 2007 WL 1239208, at *1 (W.D. Ky. Apr. 27, 2007).

### III. DISCUSSION

While the United States filed a Superseding Indictment [DE 23] adding two new counts, the felon in possession of a firearm charge remained virtually unchanged from the original Indictment. The Superseding Indictment sufficiently alleges each of the necessary elements of the charge, and thus a bill of particulars is unnecessary. *See Hamling v. United States*, 418 U.S. at 117. The Superseding Indictment lists the date of the offense as on or about May 22, 2021, and describes the nature of the offense as a felon knowingly possessing a firearm and ammunition in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e). [DE 23]. The Superseding Indictment also describes Williamson's prior felony conviction as Burglary in the Third Degree (2 Counts). [*Id.*]. Based on the information provided in the Superseding Indictment,

it sufficiently alleges one count of felon in possession of a firearm. *See United States v. Oliver*, 126 F.Supp.2d at 497. Granting Williamson's motion for a bill of particulars would be inappropriate because it would serve no purpose but to aid Williamson in discovery. *United States v. Watkins*, 2007 WL 1239208, at *1. Also, some of the topics for which discovery is sought appear to be legal questions more appropriately addressed to Williamson's counsel (i.e. proof of jurisdiction and venue). Thus, the Court finds that a bill of particulars is unnecessary and **DENIES** Williamson's Motion for Bill of Particulars. Any further information sought by Williamson should be garnered through the normal discovery process.

IV. **CONCLUSION**

For these reasons, **IT IS ORDERED** that Williamson's Motion for Bill of Particulars [DE 20] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

January 24, 2022

Copies to: Counsel of record