UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                                   Plaintiff

v.                                                                          Criminal Action No. 3:21-cr-00123-RGJ

ANTONIO WILLIAMSON                                                                                      Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on six motions in limine filed by the United States. [DE 104; DE 105; DE 106; DE 107; DE 108; DE 110]. Defendant Antonio Williamson ("Williamson") responded in writing to all six motions [DE 121; DE 122; DE 123; DE 126; DE 127; DE 128], and the United States replied in support of DE 110. [DE 131]. The United States moved to seal its reply. [DE 130]. Briefing is complete and the matters are ripe. For the reasons below, the United States' motions in limine [DE 104; DE 106; DE 107; DE 108; DE 110] are **GRANTED** under the conditions below, the United States' Motion to Seal [DE 130] is **GRANTED**, and the United States' Motion in Limine to Exclude Defense Introduction of Reverse FRE 404(b) Evidence [DE 105] remains **MOOT with leave to reinstate during the trial**.

**I. BACKGROUND**

On May 22, 2021, police responded to a 911 call reporting a person alleged to be Williamson pointing a firearm at another person while in the drive through lane at White Castle. [DE 63 at 327]. The incident was captured by White Castle's surveillance video and body cameras worn by responding police officers. [*Id.*]. Police responded to the scene and approached Williamson, who was in an open top vehicle. [*Id.*]. The United States alleges that a firearm was clearly visible in Williamson's vehicle. [*Id.*]. Williamson was indicted, in this case, on one count

of Felon in Possession of a Firearm in violation of U.S.C. §§ 922(g) and 924(a)(4). [DE 9 at 1]. On November 3, 2021, a superseding indictment was entered, adding two more firearms counts against Williamson. [DE 23].

Before trial, scheduled to begin November 14, 2022, the United States filed six motions in limine, two of which were resolved at the final pretrial conference [DE 119]. The Court now addresses the remaining motions in limine and reiterates is prior rulings.

## II. STANDARD

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence in limine pursuant to their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). The "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 810 (N.D. Ohio 2002) (citing *Luce*, 469 U.S. at 41 n. 4). This posture is favored so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). When this Court issues a ruling in limine, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *Luce*, 713 F.2d at 1239). Thus, even where a motion in limine is denied, the Court may return to its previous ruling at trial "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239). Likewise, the Court has discretion to alter or amend a prior in limine ruling at trial. *Luce*, 469 U.S. at 41–42.

## III.   DISCUSSION

**A. United States' Motion to Prohibit Sovereign Citizen Defense [DE 104].**

The United States moved to exclude arguments that Williamson is a sovereign citizen or natural person and is not otherwise beholden to the Court's jurisdiction. [DE 104 at 674]. In response, Williamson argues that he has never claimed to be a sovereign citizen and that he has a right to raise legally acceptable defenses. [DE 121 at 779].

Under Rule 401, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . [is] of consequence in determining the action." Fed. R. Evid. 401. However, even if evidence is relevant, it may be inadmissible pursuant to the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. *Id.* at 402. For instance, relevant evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Arguments that a defendant is not subject to the Court's jurisdiction because the defendant is a natural person are irrelevant under Rule 401 and risk confusing the jury under Rule 403. *See United States v. Rivers*, No. 3:11-00194, 2013 WL 3937026, at *1 (M.D. Tenn. July 30, 2013). The Sixth Circuit has held that such jurisdictional arguments are "patently meritless" because Federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231. *United States v. McCaskill*, 48 F. App'x 961 (6th Cir. 2002).

Here, Williamson has argued that he is not subject to the Court's jurisdiction throughout his filings. [DE 78]. His personal beliefs regarding the United States' jurisdiction over him is also a critical component of his interaction with the police when he was arrested on May 22, 2021. [DE

88]. Because Williamson's ideology is relevant to the facts surrounding his arrest, it cannot be entirely excluded based on relevancy. *See* Fed. R. Evid. 401. However, the fact that this Court has jurisdiction over Williamson's case cannot be disputed. *See McCaskill*, 48 F. App'x at 961. Any argument that Williamson is not subject to the Court's jurisdiction because he is a natural person is irrelevant and entirely contrary the well-established law of the Sixth Circuit. *See Rivers*, 2013 WL 3937026, at *1. Arguments that Williamson is not subject to the Court's jurisdiction would risk undue prejudice by confusing the issues or misleading the jury. *See* Fed. R. Evid. 403. Accordingly, the United States' Motion to Prohibit Sovereign Citizen Defense [DE 104] is **GRANTED** only to the extent Williamson attempts to argue he is not subject to the Court's jurisdiction.

## B. United States' Motion in Limine to Exclude Defense Introduction of Reverse FRE 404(b) Evidence [DE 105].

The United States moved to exclude evidence of and statements by the defendant regarding Williamson's good conduct, impertinent character traits, and the absence of bad acts by the defendant. [DE 105]. Williamson argues that the United States' request is not sufficiently certain as to give the parties notice of what the United States sough to exclude. [DE 122]. At the Final Pretrial Conference, the court held that DE 105 was moot with leave to reinstate during the trial. The Court reiterates that ruling here. The United States' Motion in Limine to Exclude Defense Introduction of Reverse FRE 404(b) Evidence [DE 105] remains **MOOT with leave to reinstate during the trial**.

## C. United States' Motion in Limine to Preclude Defense Introduction of Evidence of Punishment [DE 106].

The United States moved to exclude evidence or comments about the potential penalty Williamson may face upon conviction. [DE 106]. At the Final Pretrial Conference, Williamson did not object to the United States' motion and the Court granted DE 106. [DE 119 at 771]. Williamson now

objects to being prohibited to introduce evidence of his punishment at trial. [DE 123 at 785]. Nevertheless, Courts have long held that the question of punishment should never be considered by a jury in a criminal case. *United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991). "It is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the Court to determine matters of punishment." *United States v. Davidson*, 367 F.2d 60, 63 (6th Cir. 1966) (citing *Sullivan v. United States*, 317 F.2d 101, 102 (5th Cir. 1963)). Accordingly, the United States' Motion in Limine to Preclude Defense Introduction of Evidence of Punishment [DE 106] is **GRANTED**.

### D. United States' Motion in Limine to Exclude Defense Argument that Encourage Jury Nullification [DE 107].

The United States moved to exclude arguments encouraging jurors to ignore the law, not follow the law, or otherwise violate their oaths as jurors. [DE 107]. Williamson responded emphasizing the historical role of jury nullification in American courts. [DE 127].

The Sixth Circuit has held that parties may not argue or instruct the jury to nullify the law. *See United States v. Krzyske*, 836 F.2d 1013, 1021 (6th Cir. 1988) ("To have given an instruction on nullification would have undermined the impartial determination of justice based on law."). Speaking on jury nullification, the Sixth Circuit held that "courts will not encourage this, provide jury instructions acknowledging it, or allow lawyers to argue overtly for it." *Wofford v. Woods*, 969 F.3d 685, 709 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1745 (2021). Although this Court recognizes the importance of the history surrounding jury nullification, see *id.* at 709–710 (discussing the history of jury nullification), Courts in the Sixth Circuit will not allow parties to advocate for jury nullification at trial. *See, e.g.*, *United States v. Walsh*, 654 F. App'x 689, 697 (6th Cir. 2016). Accordingly, Williamson will not be permitted to encourage jurors to ignore the

law or otherwise violate their oaths. The United States' Motion in Limine to Exclude Defense Argument that Encourage Jury Nullification [DE 107] is **GRANTED**.

### E. United States' Motion in Limine to Exclude Defense Introduction of Defendant's Own Statements [DE 108].

The United States moved to exclude Williamson's efforts to enter his own statements into evidence. [DE 108]. In his response, Williamson does not object to the United States' motion, subject to the rule of completeness. [DE 126]. The rule of completeness may "allow a party to correct a misleading impression created by the introduction of part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context." *United States v. Parenteau*, 529 Fed. Appx. 532, 535 (6th Cir. 2013) (unpublished) (*citing United States v. Henderson*, 626 F.3d 326, 344 (6th Cir. 2010)). Accordingly, the United States' Motion in Limine to Exclude Defense Introduction of Defendant's Own Statements [DE 108] is **GRANTED** subject to objections that other portions of Williamson's statements, which were first admitted by the United States, are admissible to prevent misleading the jury or for purposes of impeachment.

### F. United States' Sealed Motion in Limine to Prohibit Evidence [DE 110].

The United States moved to exclude cross examination of Officer Carina Ansaldo ("Ansaldo") regarding the Professional Standards Unit ("PSU") Investigator findings. [DE 110 at 698]. Williamson argues that information in the PSU report is relevant here because he believes his constitutional rights were violated. [DE 128 at 805].

In *Giglio v. United States*, 405 U.S. 150, 153 (U.S. 1972), the Supreme Court extended the prosecution's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) to disclosure of impeachment evidence. However, this Court has held that the admissibility of *Giglio* evidence is still subject to the Federal Rules of Evidence. *See United States v. Grant*, No. 3:21-CR-44-RGJ-CHL, 2022 WL 3716595, at *4–5 (W.D. Ky. Aug. 29, 2022). Under Federal Rule of Evidence

608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness[.]" "In other words, while such specific instances of conduct can be inquired into on cross-examination, the questioning party is effectively 'stuck with the response given on cross-examination." *Steeg v. Vilsack*, No. 5:13-CV-00086-TBR, 2016 WL 6471098, at *3 (W.D. Ky. Oct. 28, 2016) (citing *United States v. Frost*, 914 F.2d 756, 767 (6th Cir. 1990)). "Though Rule 608 does not explicitly specify how the trial court should exercise its discretion, the discretion must be exercised within the ambit of the other rules of evidence, including Rules 401, 402, and 403, which address the relevance and probative value of possible evidence." *United States v. Beltran-Garcia*, 338 F. App'x 765, 770 (10th Cir. 2009).

On February 11, 2021, the PSU Investigator issued findings that Ansaldo and other officers violated: (1) LMPD SOP 8.24.3 Warrantless Searches; and (2) LMPD SOP 10.5.17 Restraint of a Subject Not Under Arrest. [DE 110-1 at 703]. The conduct supporting the sustained findings occurred on July 5, 2020, and involved a reported stabbing in Louisville, Kentucky. Officers entered the home of a stabbing suspect without a warrant. [*Id*. at 704–705]. The suspect was also detained and handcuffed for about three hours until a detective arrived. [*Id*.]. Ansaldo was interviewed regarding the matter, but the report does not indicate Ansaldo was dishonest in any way. [*Id*.]. The incident was entirely unrelated to Williamson's case. [*Id*.]. Although the United States turned over the PSU report out of an abundance of caution, the United States did not concede that it constitutes *Giglio* evidence. [DE 110 at 698].

Even if the PSU findings are considered *Giglio* evidence, the Court must evaluate admissibility. *See Grant*, 2022 WL 3716595, at *4–5. Williamson intends to question Ansaldo

regarding whether his search, seizure, and arrest were constitutional. [DE 128 at 805]. However, Williamson had the opportunity to question Ansaldo and inquire into the constitutional nature of the search and seizure at the suppression hearing. [DE 88]. Williamson was also allowed to cross-examine Ansaldo regarding the PSU investigation at that hearing. [*Id.*]. The Court denied Williamson's motion to suppress and held that the search and seizure did not violate the Constitution. [DE 103]. Therefore, any inquiry into the constitutional nature of the search and seizure is mooted by the Court's Order. [DE 103].

The only remaining reason to cross-examine Ansaldo regarding the PSU findings would be to inquire into her character for truthfulness or untruthfulness. A review of the PSU findings indicates that Ansaldo was never found to have been dishonest or untrustworthy. [DE 110-1]. To the contrary, the PSU findings indicate that Ansaldo's interview was corroborated by the other officers involved and the ultimate findings. [*Id.*]. There was no indication that the events summarized in the PSU findings were related to Williamson's case. [*Id.*]. It is within the Court's discretion to exclude inquiries into specific instances, such as the PSU findings, based on the Federal Rules of Evidence. *See Beltran-Garcia*, 338 F. App'x at 770. Because the PSU findings have no bearing on Ansaldo's character for truthfulness, cross-examination on the findings would not be relevant. *See* Fed. R. Evid. 401. Cross-examination on the PSU findings would serve only to confuse the issues or mislead the jury. *See id.* at 403. Accordingly, the Court will use its discretion to exclude cross-examination on the PSU findings. *See Beltran-Garcia*, 338 F. App'x at 770. The United States' Sealed Motion in Limine to Prohibit Evidence [DE 110] is **GRANTED**.

### IV.  UNITED STATES' MOTION TO SEAL [DE 130]

The United States has moved to seal its reply. [DE 130]. The United States' reply includes sensitive, non-public information related to the PSU investigator findings. [DE 131].

Because the United States has shown that there is a compelling interest, this interest outweighs the public's right of access, and the proposed seal is narrowly tailored, the Court **GRANTS** the United States' motion to seal [DE 130]. *United States v. Sittenfeld*, No. 1:20-CR-142, 2022 WL 2800460, at *2 (S.D. Ohio July 18, 2022) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016)).

## V. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. The United States' Motion to Prohibit Sovereign Citizen Defense [DE 104] is **GRANTED** only to the extent Williamson attempts to argue he is not subject to the Court's jurisdiction;

2. The United States' Motion in Limine to Exclude Defense Introduction of Reverse FRE 404(b) Evidence [DE 105] remains **MOOT with leave to reinstate during the trial**;

3. The United States' Motion in Limine to Preclude Defense Introduction of Evidence of Punishment [DE 106] is **GRANTED**;

4. The United States' Motion in Limine to Exclude Defense Argument that Encourage Jury Nullification [DE 107] is **GRANTED**;

5. The United States' Motion in Limine to Exclude Defense Introduction of Defendant's Own Statements [DE 108] is **GRANTED** subject to objections that other portions of Williamson's statements, which were first admitted by the United States, are admissible to prevent misleading the jury or for purposes of impeachment;

6. The United States' Sealed Motion in Limine to Prohibit Evidence [DE 110] is **GRANTED**; and

7. The United States' Motion to Seal [DE 130] is **GRANTED**.

Rebecca Grady Jennings, District Judge
United States District Court

November 2, 2022