UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                       Plaintiff

v.                                              Criminal Action No. 3:21-cr-00123-RGJ

ANTONIO WILLIAMSON                                             Defendant

* * * * *

## MEMORANDUM OPINION & ORDER

Defendant Antonio Williamson ("Williamson") moved for a new trial. [DE 155]. The United States responded [DE 157] and Williamson replied [DE 161]. Williamson also moved to dismiss this case. [DE 169]. The United States, again, responded [DE 170] and Williamson replied [DE 172]. This matter is ripe. For the reasons below, Williamson's Motion for a New Trial [DE 155] is **DENIED** and Williamson's Motion to Dismiss [DE 169] is **DENIED**.

## I.     BACKGROUND

On May 22, 2021, police responded to a 911 call reporting a person alleged to be Williamson pointing a firearm at another person while in the drive through lane at White Castle. [DE 63 at 327]. The incident was captured by White Castle's surveillance video and body cameras worn by responding police officers. [*Id.*]. Police responded to the scene and approached Williamson, who was in an open top vehicle. [*Id.*]. Body camera footage from the responding officers showed that a firearm was clearly visible in Williamson's vehicle. [*Id.*]. Williamson was indicted, in this case, on one count of Felon in Possession of a Firearm in violation of U.S.C. §§ 922(g) and 924(a)(4). [DE 9 at 1]. On November 3, 2021, a superseding indictment was entered, adding two more firearms counts against Williamson. [DE 23].

The Court conducted a four-day jury trial from November 14 to November 17, 2022.  [DE 154 at 896].  The jury found Williamson guilty on Counts 1–3 in the Superseding Indictment. [*Id.*].  The Court held a sentencing hearing on May 4, 2023.  [DE 174].  The hearing was continued because Williamson had not received a copy of his presentence report.  [*Id.*].

## II.    MOTION FOR A NEW TRIAL [DE 155]

A Court may grant a new trial based on newly discovered evidence "if the interest of justice so requires."  Fed. R. Crim. P. 33.  "The decision to grant or deny such a motion rests within the discretion of the district court . . ."  *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir.), *cert. denied*, 510 U.S. 904 (1993).  "When a defendant makes a motion for a new trial based upon newly discovered evidence, he must show that (1) the evidence was discovered after the trial, (2) it could not have been discovered earlier with due diligence, (3) it is material and not merely cumulative or impeaching, and (4) it would likely produce an acquittal if the case was retried."  *United States v. Turns*, 198 F.3d 584, 586–87 (6th Cir. 2000) (citing *United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982)).  "In applying this four-part test, we recognize that motions for a new trial based on newly discovered evidence are disfavored and should be granted with caution."  *United States v. Glover*, 21 F.3d 133, 138 (6th Cir. 1994).

Williamson's motion for a new trial articulates none of the four grounds on which a new trial could be granted.  Instead, Williamson continues to articulate the arguments that have already been considered and rejected by the Court.  [DE 78].  For example, the heading of Williamson's motion reads as follows:

> Petition for vacatur of judgment on the denial of due process and the facilitating of an unlawful process under the guise of color of law. Please take judicial notice of the following facts and conclusions of law as evidenced by the supreme law of the land, the United States of America Constitution, the State constitutions, the Northwest Ordinance, the Right to petition act, the Magna Carta, the Declaration

of independence, and the common law for which each were founded!/ARREST JUDGMENT

[DE 155 at 900].  Even the proposed order attached to Williamson's motion cited the Northwest Ordinance and the Magna Carta without reason.  [DE 155-1].  The Supreme Court has held that "a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit."  *Sumner v. Mata*, 449 U.S. 539, 548 (1981).  Accordingly, Williamson's Motion for a New Trial [DE 155] is **DENIED**.

### III.     MOTION TO DISMISS [DE 169]

Williamson's Motion to Dismiss suffers from the same deficiencies as his Motion for a New Trial.  Williamson again asserts the same arguments regarding the Court's jurisdiction that have been repeatedly rejected during this case.  [DE 169].  Moreover, the time to challenge the Court's jurisdiction has long passed.  *See United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997) (holding a motion challenging the court's jurisdiction may be filed while the case is pending).  This case was resolved by the jury's verdict.  [DE 151].  Williamson's Motion to Dismiss [DE 169] is **DENIED**.

### IV.     CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1.     Williamson's Motion for a New Trial [DE 155] is **DENIED**; and

2.     Williamson's Motion to Dismiss [DE 169] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

July 19, 2023

Cc:    Counsel of Record

Antonio Williamson,
OLDHAM COUNTY JAIL
3405 W Hwy 146
LaGrange, KY 40031