UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                          Plaintiff

v.                                           Criminal Action No. 3:21-cr-00123-RGJ

ANTONIO WILLIAMSON                                               Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendant Antonio Williamson ("Williamson") moves to "Vacate Judgment and Dismiss Count 2 Based on Newly Discovered Evidence" [DE 220] and files a "Petition to Dismiss /Release Pending Appeal [DE 221]. The United States responded, objecting to both motions.  [DE 222]. Williamson then "Supplemented" his petition. [DE 223].  This matter is ripe. For the reasons stated below, Williamson's motions [DE 220; DE 221; DE 223] are **DENIED.**

## I.    BACKGROUND

On May 22, 2021, police responded to a 911 call reporting a person pointing a firearm at a panhandler while in the drive through lane at White Castle.  [DE 63 at 327].  The incident was captured by White Castle's surveillance video and body cameras worn by responding police officers. [*Id.*]. Police responded to the scene and approached Williamson, who was in an open top vehicle.  [*Id.*].  Body camera footage from the responding officers showed that a firearm was clearly visible in Williamson's vehicle.  [*Id.*].

A federal criminal complaint was filed against Williamson [DE 1]. He was arrested and, after a detention hearing, was detained pending trial.  [DE 8]. The Magistrate Judge concluded that no condition or combination of conditions will reasonably assure the safety of any other person and the community from Williamson. [*Id.*].  Williamson was later indicted on September 22, 2021 [DE 9] and a superseding indictment returned on November 3, 2021. [DE 23].

1

The Court conducted a four-day jury trial from November 14 to November 17, 2022. [DE 154 at 896]. The jury found Williamson guilty on all three counts of the superseding indictment charging Williamson with violations of Title 18, United States Code, Sections 922(g) (felon in possession of a firearm (Counts 1 and 3) and 922(n) (receipt of a firearm while under indictment (Count 2)).  [DE 151]. Williamson represented himself with the assistance of standby counsel ordered by the Court. On August 22, 2023, Williamson was sentenced to 115 months in prison. [DE 186]. He appealed. [DE 190].

At his sentencing, Williamson did not raise the issue of release pending appeal; however, on January 22, 2024, he filed a "Petition for Stay of Sentencing Pending Appeal" at the Sixth Circuit. [DE 20, Case No. 23-5787, *USA v. Antonio Williamson*]. The United States responded to Williamson request at the Sixth Circuit, noting that Williamson failed to raise this issue in the District Court. [DE 23, Case No. 23-5787, *USA v. Antonio Williamson*].  Williamson then moved this Court to release him on bond while his appeal is pending. [DE 211]. This Court denied the motion based on his danger to the community and failure to raise a substantial question on appeal. [DE 216].

Williamson again moves for release pending appeal as well as to dismiss Count 2 based on "newly discovered evidence" being the expungement of several state court cases.  [DE 220 at 2152].  Specifically, he states

> ANTONIO D WILLIAMSON was indicted on 2 counts of felon in possession of a firearm (18 U.S.C. 922(g)(1)) and one count of receipt of a firearm while under indictment (18 U.S.C 922(n)).  According to the superseding indictment, ANTONIO D WILLIAMSON received a firearm while under indictment for a crime punishable by imprisonment of greater than 1 year.  The charging instrument cites Jefferson Circuit Court case numbers 19cr-00845 and 19cr-3220 as the underlying pending indictments.  Petitioner is now in possession of two court orders from the Jefferson circuit court EXPUNGING the charges from the courts record. The court has deemed the proceedings never occurred.

[*Id.*].  As a result, he requests Count 2 be dismissed.  He relies on the identical reasoning for his request for release pending appeal except he adds the request that Count 1 and Count 3 also be dismissed because of additional expungements which he asserts are part of the basis for the federal counts.  [DE 222 at 2156-57].  He also asserts again that he is not a danger to the community.  [*Id.* at 2157].

## II.    ANALYSIS

### A.  Motions to Dismiss.

As an initial matter, the Court construes Williamson's motion as a request for new trial under Fed. Crim. R. 33(a).

Williamson has appealed his conviction and sentence to the Sixth Circuit.  *See USA v. Antonio Williamson*, Case No. 23-5787.  He has made numerous arguments on appeal including, but not limited to: argument that the "District Court Dishonored Public Policy as well as Bankruptcy System" [Case No. 23-5787, DE 31 at 1], lack of jurisdiction [*Id.* at 3], dishonor of public policy, [*Id.* at 4], that the District Court "[i]gnored evidence of trust ownership [*Id.* at 4], inconsistencies in representation [*Id.* at 5], lack of injured party [*Id.* at 5], failure to provide nature and cause of the case [*Id.* at 5-6], lack on an initial warrant [*Id.* at 6], "Double Jeopardy and Equality" [*Id.* at 20], failure to stay sentencing [*Id.* at 21], the District Court erred in denying numerous motions [*Id.* at 22], "922(g) is unconstitutional as applied to Petitioner's case" [*Id.* at 22], the District Court misapplied the sentencing guidelines [*Id.* at 22-23], and the District Court abused authority by striking Williamson's objections to the PSR and by intercepting mail [*Id.* at 23-24].  In sum, Williamson has appealed seemingly every part of his conviction and sentence.

A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Carman*, 933

F.3d 614, 617 (6th Cir. 2019) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). When an appeal is pending, a district court may act to "aid the appellate process," but not "alter the case on appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (quoting Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 303 (1992)); *see also United States v. DeLong*, No. 21-3255, 2022 WL 816957, at *5 (6th Cir. Jan. 24, 2022). Addressing Williamson's requests would not "aid in the appellate process" but may possibly serve to alter the case involved in the appeal.  Moreover, the language in Fed. Crim. R. 33(b)(1) is clear and specific: "If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case."  As a result, the Court finds it has no jurisdiction to decide this motion at this time.

Even if jurisdiction did exist to entertain these motions, they are entirely without merit. The defendant's status on the date he possessed the firearm as alleged in indictment controls whether he has violated § 922(g).  *United States v. Morgan*, 216 F.3d 557, 565-66 (6th Cir. 2000). His later status after his civil rights have been restored or the case expunged is irrelevant to his conviction under § 922(g). *Id.*  Contrary to Williamson's argument "an expungement does not retroactively 'erase' the illegality of the firearm possession while the conviction was outstanding." *United States v. Julian*, 974 F. Supp. 809, 815 (M.D. Pa. 1997); *see also Morgan*, 216 F.3d at 66. The same law relates to Williamson's claims regarding Counts 1 and 3.  Because the Court lacks jurisdiction to hear these issues while the appeal is pending, and because Williamson's arguments are contrary to well established law, his motions to dismiss are denied.

### B.  Motion for Release Pending Appeal.

In his pending appeal, Williamson asserts that this Court erred when it refused to stay his sentencing "until the resolution of [his earlier] habeas corpus petition violated established legal

principles." [Case No. 23-5787, DN 31 at 21].  The Court finds this directly relates to Williamson's first "Motion to Stay Execution of Sentence Pending Appeal," [DE 211] which sought release pending appeal under 18 U.S.C. § 3143(b) and was denied by this Court. [DE 216]. Williamson again seeks this same relief in this "Petition." [DE 221]. As a result, this issue is on appeal and this Court lacks jurisdiction.

However, even if jurisdiction did exist, the motion presents no new issues as to his risk of flight or danger to the community or any substantial question of law as analyzed above and as a result, this motion would be denied for the reasons set forth in [DE 216, Order Denying Motion to Stay].

18 U.S.C. § 3143(b) addresses whether a person found guilty of an offense and sentenced to a term of imprisonment should be released or detained pending an appeal by a defendant. The text of the statute creates a presumption against release pending appeal. *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002) ("[t]he Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal"). Section 3143(b)(1) "requires a district court to make two findings before granting bail pending appeal." *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985). However, § 3143(b)(2) provides that a defendant must be detained if the defendant has been found guilty of certain offenses. *See* 18 U.S.C. 3143(b)(2). To overcome mandatory detention, Williamson must show that he first meets the requirements of § 3143(b)(1). Specifically, he bears the burden of showing (1) by clear and convincing evidence that he is not likely to flee, (2) by clear and convincing evidence that he does not pose a danger to the safety of any other person or the community, (3) the appeal is not for the purpose of delay, and (4) the appeal raises a substantial question of law or fact likely to result in reversal. 18 U.S.C. § 3143(b); *Chilingirian*, 280 F.3d at 709, *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988).

As stated in the previous order, Williamson's criminal history, and the nature and circumstances of his current conviction being appealed, both point to his danger to the community. The Presentence Investigation Report ("PSR") details numerous instances of violent behavior, including toward children. [DE 173]. In 2006 Williamson forced the mother of one his children into a bathtub where he put a wet washcloth over her face and put her head in water. [DE 173, at 1127]. He pushed her to the floor and put a pillow over her face and, after removing the pillow, smacked her in the face. [*Id.*]. Also in 2006, a female victim reported that Williamson smacked her with an open hand, strangled her, bit her, and punched her multiple times. [*Id.*]. Then in 2019 Williamson strangled another mother of his child and while she was at the hospital getting treatment, Williamson unlawfully entered her residence, grabbed his baby, and pointed a handgun at baby threatening "let the baby go or I'll shoot." [DE 173 at 1131]. He then fled with the baby and another child in his car. [*Id.*]. There can be no question these are violent behaviors that pose danger to the community.

As to the facts of his current conviction being appealed, Williamson again put the community in danger pointing a firearm at another person while driving through the White Castle drive-thru. Moreover, he engaged in this behavior despite orders concerning weapons restrictions and bond from state court. [DE 213 at 2103].

Williamson has presented no additional evidence that he does not pose a danger to the community and a danger of continued criminal activity. As a result, clear and convincing evidence demonstrates that Williamson poses a danger to the community and the Court finds that there is no condition or set of conditions of release that can adequately protect the community. *United States v. Vance*, No. CR 5:20-063-DCR, 2023 WL 116331, at *3 (E.D. Ky. Jan. 5, 2023) (citing *United States v. Sykes*, 453 F. Supp. 3d 1011, 1017 (E.D. Mich. Apr. 13, 2020) ("Given his past

criminal conduct . . . and apparent disregard for the terms of his probation, [the defendant's] history and characteristics weigh strongly in favor of detention.")).

Additionally, for all the reasons set forth above regarding the expungement of his prior criminal records, Williamson also fails to show that his appeal raises a substantial question sufficient to overcome the presumption against release pending appeal. 18 U.S.C. § 3143(b)(1)(B). As for the necessary finding under § 3143(b)(1)(B), the Sixth Circuit has explained that a substantial question is raised "when the appeal presents a close question or one that could go either way and . . . the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard*, 778 at 1181-82 (citations omitted).; *Vance*, 2023 WL 6205417, at *3; *United States v. Higgins*, 2022 WL 1686976, at *1–2 (S.D. Ohio May 26, 2022). Williamson makes no showing that his appeal would present such a question.

As a result, Williamson fails to carry his burden of showing a substantial issue on appeal and his motion must be denied.

### C. Unauthorized Practice of Law

The Court also notes that the appearance and post marks of certain envelopes associated with these post-sentencing motions, as well as the variation in handwriting on the signature lines and in the body of the motions, leads the Court to believe that Williamson is not in all circumstances filing these documents himself but is once again being aided by Ms. Valencia Cox. The Court has made both Williamson and Ms. Cox restricted filers in the criminal case based on their prior vexatious filings and harassment of District Clerk's Office staff.  [DE 133].

Williamson and Ms. Cox are once again warned by the Court regarding their prolific filings.  While "[a]nother inmate or a prison legal aide may assist Plaintiff in researching issues

and in the preparation of filings," *Stephens v. Ballard*, No. 3:16CV-P493-CRS, 2018 WL 11474326, at \*2 (W.D. Ky. Feb. 20, 2018), Ms. Cox may not act or sign documents on behalf of Williamson as such conduct constitutes the unauthorized practice of law.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Cooper v. Vinson*, No. 5:17CV-P10-TBR, 2017 WL 3452360, at \*2 (W.D. Ky. Aug. 10, 2017); *Word v. Boyd*, No. 5:07CV-181-R, 2007 WL 4180602, at \*1 (W.D. Ky. Nov. 21, 2007).

### III.     CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Williamson's Motions to Dismiss and For Release Pending Appeal [DE 220; DE 221; DE 223] are **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

August 16, 2024

Cc: Defendant Williamson, pro se