UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA Plaintiff

v. Criminal Action No. 3:21-cr-00123-RGJ
Civil Action No. 3:25-cv-00225-RGJ

ANTONIO WILLIAMSON Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendant Antonio Williamson's ("Williamson") moves to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or in the alternative Rule 60(b), and to accept the incorporated belatedly filed objections under the prison mailbox rule. [DE 250, DE 251 at 2396]. The United States did not file a response and the time for doing so has passed. For the reasons below, Williamson's Motion [DE 251] is **DENIED.**

## I. BACKGROUND

On May 22, 2021, police responded to a 911 call reporting a person in a distinctive three wheel open top vehicle pointing a firearm at another person walking by while in the drive through lane at White Castle. [DE 63 at 327]. The incident was captured by White Castle's surveillance video and body cameras worn by responding police officers. [*Id.*]. Police responded to the scene and approached the open top vehicle still in the drive through lane. [*Id.*]. Body camera footage from the responding officers showed that a firearm was clearly visible in the vehicle. [*Id.*]. Williamson was indicted on one count of Felon in Possession of a Firearm in violation of U.S.C. §§ 922(g) and 924(a)(4). [DE 9 at 1]. On November 3, 2021, a Superseding Indictment was entered, adding two more firearms counts against Williamson based on a search of his residence. [DE 23]. The Court conducted a four-day jury trial from November 14 to November 17, 2022.

[DE 154 at 896]. The jury found Williamson guilty on Counts 1–3 in the Superseding Indictment. [*Id.*]. Williamson was sentenced on August 22, 2023. [DE 186].

After initial appeal which affirmed his trial verdict and sentence, Williamson moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [DE 237]. This matter was referred to United States Magistrate Judge Regina S. Edwards for report and recommendation, along with Williamson's motion to expand the record. [DE 240, DE 245]. Judge Edwards entered her Findings of Fact, Conclusions of Law, and Recommendation ("R&R") on December 1, 2025, recommending that Williamson's motion be denied, Williamson's motion be dismissed, Williamson's motion to expand the record be denied, and a certificate of appealability be denied. [DE 247]. Objections to the magistrate judge's recommendation were due within fourteen days after service. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). This information was set forth on the face of the R&R. [DE 247 at ("Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. Fed. R. Civ. P. 72(b)(2). If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 150-51 (1985)."). Objections were not filed in accordance with the deadline.

As a result, this Court reviewed the R&R, accepted the recommendation of Judge Edwards and entered judgment on December 22, 2025. [DE 248; DE 249]. Objections to the R&R were received by the Court and entered on the record on January 5, 2026. [DE 250]. The certificate of service states that

> I, Antonio D. Williamson, hereby certify that on this 23rd day of December 2025, I placed the foregoing Objection to Magistrate Judge's Recommendation in an envelope with proper first-class postage prepaid and deposited it in the institutional mailing system at FCI Elkton, addressed to the Clerk of Court.

[*Id.* at 2393]. The accompanying envelope, however, reflects a difficult to decipher stamp indicating that corrections received the mail on December 29, 2025, a second stamp which states received December 30, 2025, and a postmark of December 31, 2025. [*Id.* at 2394-95]. Williamson has now filed a letter from the BOP supporting his assertion that letter was received to the prison mail on December 23, 2025. [DE 254, "Please note that our office received legal mail . . . brought to our office . . . December 23, 2026 [sic].[1] The mail was sent via U.S. Postal Service."].

Williamson then filed a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e), or in the alternative, Rule 60(b)(l) and (6). [DE 251 at 2396]. The motion asserts relief from the judgment is appropriate because: (1) "[t]he Order was entered before the objection period expired;" (2) "[t]he Court applied an incorrect objection deadline;" (3) "Movant timely deposited his objections in the prison legal mail system;" and (4) "[t]he Court did not account for the prison mailbox rule." [*Id.*].

## II. STANDARD

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The rule is intended to permit a court to "rectify its own mistakes in the period following the entry of judgment." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982). A court may alter or amend a prior judgment under Rule 59(e) based only on (1) "a clear error of law," (2) "newly discovered evidence," (3) "an intervening change in controlling law," or (4) "a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

[1] The year given for the date in the letter was a typo, and should have been 2025, rather than 2026. [DE 254 at 2404].

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(1) is proper "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Under Fed. R. Civ. P. 61 "the court must disregard all errors and defects that do not affect any party's substantial rights," and as such harmless error is not ground for "vacating, modifying, or otherwise disturbing a judgment or order."

Rule 60(b)(6) is a catch-all provision that provides relief from a final judgment when the movant shows "any other reason that justifies relief." *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). This Court may grant a Rule 60(b)(6) motion for relief from judgment when it finds "unusual and extreme situations where principles of equity mandate relief." *McGuire v. Warden*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.,* 487 F.3d 465, 468 (6th Cir. 2007)). Though courts have considerable discretion in granting relief from judgment pursuant to Rule 60(b), the court's power is limited by public policy favoring the finality of judgments. *See Coleman-Bey v. Bouchard*, 287 F. App'x 420, 421 (6th Cir. 2008) (citing *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001)). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (quotations & citation omitted). Accordingly, "courts must

apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Id.* (quotations and citation omitted) (emphasis in original). Rule 60(b)(6) does have an "unquestionably valid role to play in habeas cases," and may be invoked when a defendant "is attempting to reopen his 2255 proceedings so that the merits of his 2255 motion may be determined in the first instance." *Gonzalez,* 545 U.S. at 534 (2005); *United States v. Schmutzler*, No. 1:CR-13-0065, 2017 WL 930455, at *2 (M.D. Pa. Mar. 9, 2017).

Under the Rule 60(b)(6) standard, failure of a petitioner to be notified of a R&R can qualify as an "unusual and extreme situation" where relief is mandated. *See Johnson v. Akers*, No. 3:20-CV-414-CHB-LLK, 2021 WL 11630022, at *1 (W.D. Ky. Jan. 12, 2021); *Wynn v. Warden*, No. 2:18-CV-619, 2018 WL 3853378, at *2 (S.D. Ohio Aug. 14, 2018); *Tankesly v. Corr. Corp. of Am.,* No. 3 14-CV-0911, 2015 WL 9595401, at *6 (M.D. Tenn. Dec. 31, 2015). The remedy is only to afford Petitioner the opportunity to file objections to the R&R. *See Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330–31 (6th Cir. 2014).

**DISCUSSION**

Williamson asserts relief from the judgment is appropriate because: (1) "[t]he Order was entered before the objection period expired;" (2) "[t]he Court applied an incorrect objection deadline;" (3) "Movant timely deposited his objections in the prison legal mail system;" and (4) "[t]he Court did not account for the prison mailbox rule." [DE 251 at 2396].

Objections to the magistrate judge's recommendation were due within fourteen days after service. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). In the R&R, the magistrate judge advised the parties that objections to the Report must be filed within fourteen (14) days. [DE 247]. The magistrate judge also advised that a party's failure to timely object would constitute a waiver of the right to further appeal. [*Id.* (citing *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984))].

The calculation of Williamson's deadline for objections is governed by Federal Rule of Civil Procedure 6. Under Rule 6(a)(1), every day is counted, except for the day of the event (here the day of mailing, December 1, 2025), and except for the last day of the time period if the last day falls on a Saturday, Sunday, or a legal holiday (which it was not). Additionally, under Rule 6(d), three days must be added to the fourteen-day period because it appears that Williamson was served with the R&R by mail as a *pro se* prisoner and the "mailbox rule," which applies to *pro se* individuals who are incarcerated, provides that a motion is deemed filed when it is placed in the mail rather than when it is received by the Clerk. *See, e.g., Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("Under [the "prison mailbox rule"], a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.").

As a result, Williamson had seventeen (17) days from date of the magistrate judge's R&R, excluding the date on which it was mailed, to file his Objections, making his deadline Thursday, December 18, 2025. Under the prison "mailbox rule," Williamson's Objections as a *pro se* prisoner are considered as filed at the time he "delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Thompson v. Chandler*, 36 F. App'x 783, 784 (6th Cir. 2002) (citing *Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999)); *Johnson v. Ricardi*, No. 1:19-CV-254, 2021 WL 2451278, at *1 (W.D. Mich. June 16, 2021). Although unclear from the documentation with Williamson's filing, the earliest possible date asserted on his objections is set forth in the certificate of service, stating that he put his objections in the prison mailbox on December 23, 2025. This date is also confirmed by the memorandum filed by the BOP stating that the inmate mail was received by FCI-Elkton from Williamson for mailing on December 23, 2025. [DE 254]. This is at least five days after his objections were due. By failing to object timely, Williamson waived his right to do so. *Thomas*, 782 F.2d at 814-15.

Yet, Williamson asserts that he was not served with the R&R until December 10, 2025, and that the calculation of time should start from December 10, 2025. However, this assertion is incorrect. Service is calculated from the time of mailing under Fed. R. Civ. P. 5(b)(C) ("mailing it to the person's last known address—in which event service is complete upon mailing"). Thus, Williamson's objections were not timely filed, and his failure to timely object to the report releases the Court from its duty to independently review the matter. *Thomas*, 474 U.S. at 149. Nevertheless, the Court has reviewed the late objections and finds that they present no exceptional or extraordinary circumstances under Rule 60(b)(6) that would warrant finding the objections timely. And if it had, for the reasons below, the objections fail.

First, Williamson's untimely objections mostly repeat the arguments that the Magistrate Judge and this Court have already rejected. When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). An objection "is specific when 'it explain[s] and cite[s] specific portions of the report which [the movant] deem[s] problematic.'" *United States v. Beard*, No. 513-CR-00022-TBR-LLK, 2017 WL 3055513, at *2 (W.D. Ky. July 19, 2017) (quoting *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)) (first, second, and fourth alterations in original). Objections are not "sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.' " *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas*, 474 U.S. at 150. Here, the arguments raised in

Williamson's objection about not having an evidentiary hearing, expungement of his state charges, ineffective assistance of counsel, and cumulative or duplicative claims, merely restate are the same arguments the Court has already rejected. [*See* DE 247, DE 248; *Compare* DE 237, Motion to Vacate at 2365, 2367, 2370, *with* DE 250, Objection to Findings of Fact at 2378–81]. Thus, the Court need not consider them again and these objections fail.

Second, Williamson makes objections to findings of fact in the R&R [DE 250 at 2377–79] but fails to demonstrate how these statements are false or would change the outcome of his motion. Specifically, he objects to the statement that there was an active bench warrant for his arrest which he argues implies his arrest was justified because he was in a stolen vehicle rather than being arrested for an operator's license violation, reference to the 911 call as inadmissible hearsay, and the statement that expungement of the state charges occurred after the federal proceedings. [*Id.*]. But even if these objections had merit, which they do not, Williamson fails to show how sustaining those objections to factual statements would change the outcome of the R&R and its ultimate recommendation as to Williamson's substantive claims. As a result, these objections fail.

Finally, Williamson objects to the R&R's recommendation to deny him a certificate of appealability. [DE 250 at 2383]. As with other objections mentioned above, Williamson's objection to denying him a certificate of appealability restates the merits of the arguments he has previously made and this Court rejected, as to expungement of his state charges, ineffective assistance of counsel, and cumulative or duplicative claims. A COA may issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

The R&R, which this Court adopted, decided Williamson's claims on the merits. To be entitled to a COA Williamson must establish "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Williamson has offered no argument on his right to a COA, other than merely rehashing the same arguments. The Court has reviewed Williamson's claims, the R&R, and his objections, and no reasonable jurist "could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Hicks v. United States*, No. CR 01-20057, 2009 WL 10728612, at *1 (E.D. Mich. Feb. 27, 2009) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). As a result, Williamson's objection as to the R&R's recommendation on a COA fails.

**CONCLUSION**

For the reasons above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant Williamson's motion to alter or amend judgment [DE 251] is **DENIED**.

October 2, 2026

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Defendant Williamson, pro se